UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DYLAN SINN,                                )
                                           )
                    Plaintiff,             )
                                           )
        v.                                 )    No. 2:25-cv-00340-JPH-MG
                                           )
VERMILLION COUNTY SHERIFF'S                )
DEPARTMENT, *et al.*,                      )
                                           )
                    Defendants.            )

**ORDER SCREENING AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Dylan Sinn filed this civil action about the medical care he received while he was a pretrial detainee at the Vermillion County Jail. He filed an amended complaint on May 18, 2026. Dkt. [36]. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Amended Complaint

Mr. Sinn's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Mr. Sinn names eleven Defendants: The Vermillion County Sheriff's Department, Sheriff Michael Holtkamp, Jail Commander Derrick Williams, Jail Commander James Miller Sr., Nurse Rebecca Hall, Nurse Samantha Kuiper, Officer Christina Moran, Officer Harrison Holtkamp, Quality Correctional Care ("QCC"), Physician Assistant Chris Stephenson, and Dr. John Reynolds.

Mr. Sinn was a pretrial detainee at the Vermillion County Jail from August 19, 2023, to April 15, 2025. Dkt. 36 at 2. He suffers from psoriasis and sought treatment for it while confined in the jail. *Id.* Because Mr. Sinn had received treatment for his psoriasis at the jail in 2018–2019, his past treatment records were available to the jail's medical staff. *Id.*

On August 21, 2024, Nurse Hall issued Mr. Sinn a prescription that she knew would be ineffective. *Id.*

2

On September 5, 2023,[1] Derrick Williams dismissively responded to Mr. Sinn's grievance, stating "we go through this same idiotic stuff every time you're here." *Id.* at 3.

On October 24, 2024, PA Stephenson disregarded past treatments in Mr. Sinn's chart and chose a treatment that required solitary confinement and wrapping Mr. Sinn's "entire body in cream and then in plastic wrap." *Id.* This treatment was chosen as a "punishment for Plaintiff complaining of medical problems" and as a power move. *Id.* Mr. Sinn filed a grievance, and Sheriff Holtkamp confirmed the treatment. *Id.*

Mr. Sinn's topical medication dosage and frequency were reduced without valid medical explanation. *Id.* Nurse Kuiper threw away Mr. Sinn's medication and had Mr. Sinn charged for refills. *Id.* The change in dosage was against doctor's orders, and the disposal was counter to policy and procedures. *Id.* Jail Commander Miller and Sheriff Holtkamp allowed Kuiper to implement a treatment plan that had the "sole purpose of harm." *Id.*

Nurse Kuiper "recruited" Officer Moran to target Mr. Sinn. *Id.* Officer Moran wrote up Mr. Sinn for rules violations on November 18, 2024, but the write-up was later overturned for lack of evidence. *Id.*

In December 2024, Dr. Reynolds examined Mr. Sinn in a public area instead of in a private setting, requiring Mr. Sinn to expose his body in view of

---

[1] This allegation appears out of chronological sequence with the other allegations. At this procedural stage, the Court accepts the alleged dates as true.

staff and other inmates. *Id.* Officer Holtkamp knew this examination was improper but failed to intervene or report it. *Id.* at 4.

Mr. Sinn complained of his treatment and afterward had commissary and other privileges restricted. *Id.* Mr. Sinn believes the restrictions were retaliatory. *Id.* Officer Moran was responsible for the restrictions, meaning they were not medically ordered. *Id.*

In January 2025, Sheriff Holtkamp moved Mr. Sinn from H-block to disciplinary segregation in B-block for his grievances and questioning of policy and procedures. *Id.* This was done without a write-up or any due process. *Id.*

Nurse Kuiper withheld 18 days of doses of Mr. Sinn's medication in violation of QCC policy. *Id.* In April 2025, after several staff members came forward and reported Nurse Kuiper's treatment of Mr. Sinn to Sheriff Holtkamp and Jail Commander Miller, Nurse Kuiper was restricted from the jail. *Id.* at 3.

Mr. Sinn suffered pain, increased symptoms, nausea, vomiting, emotional distress, and financial loss. *Id.* at 4. Mr. Sinn asks for injunctive relief and compensatory, punitive, and nominal damages.

### III. Discussion of Claims

Although a plaintiff need not plead legal theories in a complaint, see Fed. R. Civ. P. 8(a), Mr. Sinn has identified the theories he wishes to use—unreasonable medical care in violation of the Fourteenth Amendment[2],

---

[2] While Mr. Sinn identifies Eighth Amendment deliberate indifference, he was a pretrial detainee at the time so the proper standard is whether the medical care he received was objectively unreasonable under the Fourteenth Amendment. *See Bridges v. Dart*, 950 F.3d 476, 478 n.2 (7th Cir. 2020).

retaliation in violation of the First Amendment, a Fourteenth Amendment due process claim, and state-law medical malpractice and negligence claims. Dkt. 36 at 1. Where a *pro se* litigant has expressly stated the legal theories he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). Thus, the Court analyzes Mr. Sinn's claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, all official capacity claims are dismissed as redundant to the claims against the individual defendants' employers. An official capacity suit "is another way of pleading an action against an entity of which the officer is an agent." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). So, when defendants are named in their official capacities, they are redundant with the entity itself for those claims. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see Stanek v. St. Charles Comm. Unit Sch. Dist. No. 303*, 783 F.3d 634, 640 (7th Cir. 2015). Since Mr. Sinn's claims against jail employees also name the entities they work for—QCC and the Sheriff's Department—his official capacity claims are dismissed as duplicative. *See* dkt. 36 at 5–7; *see Stanek*, 783 F.3d at 640.

Second, all § 1983 claims against QCC are dismissed. To state § 1983 claims against QCC under the theory described in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), Mr. Sinn must identify an action taken by QCC and allege a causal link between the action and the deprivation of Mr. Sinn's federal rights. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Mr. Sinn has not identified a written policy, widespread practice, or custom that QCC "acted" through, so he failed to plausibly state § 1983 claims against QCC.

Third, there is no claim stated against Dr. Reynolds for conducting an examination of Mr. Sinn within the view of other inmates and staff or against Officer Holtkamp for not intervening and stopping the examination. Though Mr. Sinn alleges that he was made "to expose his body," he alleges that it was in the context of a "medical examination," dkt. 36 at 3, rather than "totally without penological justification," *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Mr. Sinn also alleges that Dr. Reynolds violated "jail and medical policy," dkt. 36 at 3, but "a violation of a jail policy is not a constitutional violation," *Estate of Wallmow v. Oneida Cnty.*, 99 F.4th 385, 392 (7th Cir. 2024). With no claim stated against Dr. Reynolds, there can be no claim against Officer Holtkamp for not intervening.

Fourth, the allegation that Jail Commander Williams responded dismissively to a grievance in September 2023 is unsupported by sufficient

factual allegations to state a claim. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.").

Next, all claims against the John Doe parties **are dismissed** for failure to state a claim upon which relief can be granted. "[I]t is pointless to include [an] anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Mr. Sinn is able to learn the names of the unknown defendants, he may seek leave to add a claim against them.

Finally, Mr. Sinn's negligence claim must be dismissed against Commander Williams because there is no Indiana-law duty that would be breached by responding dismissively to Mr. Sinn's grievance. *See Rowe v. Lemmon*, 976 N.E.2d 129, 134 (Ind. Ct. App. 2012). This claim also must be dismissed against Dr. Reynolds and Officer Holtkamp for their actions regarding Mr. Sinn's exposure during a medical appointment. *See Fox v. Franciscan Alliance*, 204 N.E.3d 320, 327 (Ind. Ct. App. 2023) ("[Negligence claims . . . require[ ] that the plaintiff sustain a physical impact" and "[l]oss of privacy does not consist of a physical impact."). This claim shall proceed against the

remaining defendants based on the same allegations supporting federal-law claims against those defendants.

The claims which shall proceed are the following.

Medical malpractice and Fourteenth Amendment deprivation of medical care claims shall proceed against Nurse Hall, PA Stephenson, and Nurse Kuiper. There is also a *respondeat superior* medical malpractice claim stated against QCC. Because Mr. Sinn has alleged that Sheriff Holtkamp and Jail Commander Miller knew that Nurse Kuiper was intentionally harming Mr. Sinn for months but allowed her to continue, he has also stated Fourteenth Amendment claims against these defendants.

Mr. Sinn has stated First Amendment retaliation claims against PA Stephenson, and Officer Moran and has also stated First Amendment retaliation and Fourteenth Amendment due process claims against Sheriff Holtkamp for his transfer of Mr. Sinn to disciplinary segregation.

An Indiana-law negligence claim shall proceed against Sheriff Holtkamp, Jail Commander Miller, Officer Moran, PA Stephenson, and the Vermillion County Sheriff's Department.

Finally, Mr. Sinn has stated a *Monell* claim against the Vermillion County Sheriff's Department for its "written policy or practice under which sentenced or detained inmates could be punished without meaningful due process." Dkt. 36 at 5.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that

8

additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 16, 2026,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The following claims are proceeding in this action:

- Medical malpractice claims against Nurse Hall, PA Stephenson, Nurse Kuiper, and QCC;

- Fourteenth Amendment claims against Nurse Hall, PA Stephenson, Nurse Kuiper, Sheriff Holtkamp, and Jail Commander Miller;

- Retaliation claims against PA Stephenson, Officer Moran, and Sheriff Holtkamp; and

- Due Process claims against Sheriff Holtkamp and the Vermillion County Sheriff's Department.

- Indiana-law negligence claim against Sheriff Holtkamp, Jail Commander Miller, Officer Moran, PA Stephenson, and the Vermillion County Sheriff's Department.

All other claims have been dismissed.

The **clerk is directed** to terminate Jail Commander Derrick Williams and John Does 1-10, as defendants on the docket.

All of the defendants proceeding in this litigation have appeared. The Court **orders** them to file answers or otherwise respond to the amended complaint withing 21 days of this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 6/23/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

9

Distribution:

DYLAN SINN
55 N. Jefferson St.
Montezuma, IN 47862

All electronically registered counsel